UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE LAMONT VARNER, | No. C-14-2218 EMC (pr) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| DAVE DAVEY, Warden, | |
| Respondent. | |

## I.  INTRODUCTION

Petitioner, an inmate at Corcoran State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court noted that the petition appeared to be untimely and directed Respondent to file a motion to dismiss or notify the Court that such a motion was unwarranted.  Respondent then notified the Court that a motion to dismiss for untimeliness is not warranted because Petitioner had filed several state habeas petitions and the pendency of those state habeas petitions resulted in Petitioner's federal petition being timely.  The Court now reviews the petition pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II.  BACKGROUND

The petition and attachments thereto disclose the following: Petitioner was convicted in Alameda County Superior Court of second degree murder.  On February 26, 2010, he was sentenced to 40 years to life in prison.  He appealed.  His conviction was affirmed by the California Court of

1  Appeal in 2011 and his petition for review was denied by the California Supreme Court in 2012.  He
2  also filed unsuccessful state habeas petitions.

### III.  DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The petition alleges the following claims: (1) Petitioner's Fifth, Sixth and Fourteenth Amendment rights to due process and trial by jury were violated when the trial court erroneously instructed the jury in a manner which allowed the jury to convict Petitioner as an "'aider and abettor' of an implied malice murder when the 'natural and [probable] consequences doctrine[']' was not invoked," Docket # 1 at 8, 9; (2) Petitioner's Sixth and Fourteenth Amendment rights were violated when the trial court failed to instruct 'sua sponte' on the definition of 'proximate cause'" from Penal Code § 12022.53(d), Docket # 1 at 10; (3) Petitioner's Confrontation Clause rights were violated when DeAngelo Hudson's preliminary examination testimony was read at Petitioner's trial; (4) Petitioner's Confrontation Clause and Due Process Clause rights were violated by the admission of prior statements of Carl Anthony; (5) "the trial court failed to instruct 'sua sponte' on the law of accomplices as applied to witness testimony," Docket # 1 at 16; (6) the prosecutor's misstatement of the law of manslaughter during closing argument deprived Petitioner of a fair trial; (7) trial counsel provided ineffective assistance of counsel when he withdrew his request for a cautionary instruction on accomplice testimony; and (8) appellate counsel provided ineffective assistance in that he "failed to advance the several meritorious claims previously addressed in the petition," Docket # 1 at 21. Liberally construed, the claims other than Claim 5 are cognizable in a federal habeas action.

Claim 5 is dismissed because it alleges only a state law error.  Federal habeas relief is not available for state law errors.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas

review available to decide whether the conviction violated the Constitution, laws or treaties of the United States, but not to review alleged state law errors).

### IV. <u>CONCLUSION</u>

For the foregoing reasons,

1. The claims other than Claim 5 warrant a response. Respondent has already been served and appeared, so there is no need to send him another copy of the Petition.

2. Respondent must file and serve upon Petitioner, on or before **December 19, 2014**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **January 16, 2015**.

4. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

5. Petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: November 10, 2014

_____
EDWARD M. CHEN
United States District Judge

3