UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE LAMONT VARNER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DAVE DAVEY, Warden,<br><br>　　　　Respondent.<br>_____/ | No. C-14-2218 EMC (pr)<br><br>**ORDER RE PETITIONER'S MOTION TO AMEND** |

　　　　Petitioner filed a petition for writ of habeas corpus in which he asserted eight claims for relief. The Court dismissed one claim because it was for a state law error, and ordered Respondent to respond to the other claims. Respondent filed an answer earlier this month.

　　　　Petitioner has filed a motion to amend his petition for writ of habeas corpus, but has not submitted a proposed amended petition, has not explained why he wants to amend his petition, and has not identified what (if any) claims he wants to add. Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires but the court cannot make that determination without seeing the proposed new pleading. *See Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000) ("Obviously, without this draft complaint, the District Court cannot evaluate the merits of a plaintiff's request . . . [T]he court had nothing upon which to exercise its discretion.") The motion to amend is **DENIED** for failure to attach a proposed amended petition. Docket # 20. This denial is without prejudice to Petitioner filing a new motion to amend that is accompanied by a proposed amended petition. Any motion to amend also must explain whether Petitioner exhausted his state court remedies (*i.e.*, presented the claim in a petition to the California Supreme Court) for any new claim in that proposed amended petition. Further, any motion to amend must explain why

Petitioner waited until this late date to present any new claims. If Petitioner merely wants to add more argument about the claims that were included in the original petition, the place to do so is in his traverse rather than in an amended petition.

The Court will wait until **April 10, 2015** for Petitioner to file a motion to amend or a traverse, and thereafter will rule on the matter as it then stands. In other words, if Petitioner files a motion to amend, the Court will rule on that motion; if Petitioner files a traverse, the Court will assume no amended petition will be filed and will adjudicate the merits of the petition.

IT IS SO ORDERED.

Dated: March 3, 2015

_____
EDWARD M. CHEN
United States District Judge

2