UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRANCE LAMONT VARNER,                    No. C-14-2218 EMC (pr)

        Petitioner,

    v.                                         **ORDER**

DAVE DAVEY, Warden,

        Respondent.
_____/

        Petitioner filed a petition for writ of habeas corpus in which he asserted eight claims for relief. The Court dismissed one claim because it was for a state law error, and ordered Respondent to respond to the other claims. Respondent filed an answer in February 2015. At about the same time, plaintiff filed a motion to amend his petition. The Court denied the motion to amend without prejudice because Petitioner had not submitted a proposed amended petition, had not explained why he wanted to amend his petition, and had not identified what (if any) claims he wanted to add. The order stated that the Court would wait until April 10, 2015 for Petitioner to file a motion to amend or a traverse. *Se* Docket # 26 at 2.

        Petitioner has filed a motion for an open-ended extension of time to file an amended petition. Docket # 27. His motion indicates that Petitioner does not know what new claims he wants to present and that he wants to obtain his files from his lawyers to search for potential new claims regarding his 2009 conviction. *See, e.g.,* Docket # 27 at 3 ("Trial counsel's files are often necessary to establish whether their representation fell below the applicable standard of reasonableness"); *id.* ("It is imperative petitioner review these files if he's to file an adequate first amended petition, that includes all [meritorious] claims, and is in compliance with the court's March 3, 2015 order").

Petitioner states that he has requested his files from his lawyer, but it appears that these were rather recent requests – possibly within the last few months – and he has not yet received the files. *See* Docket # 28. The petition on file includes claims for ineffective assistance of trial and appellate counsel, which suggests Petitioner is searching for additional ineffective assistance of counsel claims. The small amount of information Petitioner has provided does not explain why he waited until almost a year after filing his federal petition (and more than two years after his conviction became final upon conclusion of direct review) to start looking for additional claims to present in a federal habeas action. The small amount of information Petitioner has provided also suggests that any claims he might discover will have timeliness problems and state court remedies will not have been exhausted for them. *See* 28 U.S.C. § 2244(d) (one-year statute of limitations for habeas actions); *id.* § 2254(b)(1) (relief cannot be granted on an unexhausted claim). Upon due consideration, Petitioner's request for an extension of time to file an amended petition is DENIED. Docket # 27.

Petitioner has requested appointment of counsel to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel in this action. The request for appointment of counsel is DENIED. Docket # 28.

Petitioner must file his traverse, if any, no later than **June 19, 2015**. No extensions of this deadline should be expected because, by the time it arrives, Petitioner will have had three months to prepare his traverse.

IT IS SO ORDERED.

Dated: May 19, 2015

_____
EDWARD M. CHEN
United States District Judge